UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Roy Abbott,<br><br>                    Petitioner<br><br>     v.<br><br>Brian Williams, et al.,<br><br>                    Respondents | Case No. 2:23-00558-CDS-VCF<br><br>**Order Dismissing Writ of Habeas Corpus, Denying Application to Proceed in Forma Pauperis, Denying Motion for Appointment of Counsel, and Closing Case**<br><br>[ECF Nos. 1, 4] |

  This pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-1) comes before me for initial review under the Rules Governing Section 2254 Cases. Petitioner David Roy Abbott also filed an application to proceed *in forma pauperis* (ECF No. 1) and a motion for appointment of counsel. ECF No. 4.

  Following review of the petition, I dismiss it for lack of jurisdiction, as the petition is second or successive, and the petitioner has not shown that he has obtained authorization from the Court of Appeals to file a second or successive petition. As I lack jurisdiction over the petition, Abbott's motion for appointment of counsel and IFP application are also denied.

  Petitioner challenges 2010 judgments of conviction entered in the Second Judicial District Court for Washoe County for trafficking in a controlled substance, conspiracy to sell a controlled substance, ex-felon in possession of a firearm, and possession of a controlled substance. *See State of Nevada v. David Roy Abbott*, Case Nos. CR09-1603, CR09-1604.[1] The state court sentenced petitioner under the habitual criminal statute to life in prison without the possibility of parole. The cases were consolidated on appeal.

  Petitioner previously challenged the judgment of conviction in Case Nos. CR09-1603 and CR09-1604 in federal court. *See* Case No. 3:14-cv-00599-MMD-WGC. That petition was

---

[1] The court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, no intervening judgment of conviction has been entered in petitioner's criminal case.

dismissed as untimely, and judgment was entered. *Id.* at ECF Nos. 21, 22. Petitioner appealed, and certificate of appealability was denied. *Id.* at ECF No. 25. Petitioner acknowledges that he previously challenged the judgment of conviction at issue in this case in federal court. ECF No. 1-1 at 2.

"[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of . . . 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009). A petition is second or successive if it attacks the same judgment of conviction as a prior federal petition that was decided on its merits and raises claims based on facts that had occurred by the time of the prior petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

Here, Abbott asserts that his petition should not be considered second or successive because the ineffective assistance of trial and appellate counsel claims that he alleges in this action have not been previously presented. ECF No. 1-1 at 5. These claims, however, appear to be based on facts that existed at the time of his prior federal petition. Although petitioner asserts that his prior federal petition was inartfully pled, the set of facts underlying his claims nonetheless existed at the time of the prior federal petition and thus could have been raised in the prior petition. As such, the instant petition is second or successive.

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *Brown*, 889 F.3d at 667. Although petitioner attached his July 20, 2016, application for leave to file second or successive petition to the Court of Appeals for the Ninth Circuit, he makes no allegation or showing that he has received authorization from the Court of Appeals to file this second or successive petition. ECF No. 1-2 at 22-31. This second or successive petition must therefore be

dismissed for lack of jurisdiction. Without jurisdiction over the petition, all of petitioner's other motions are hereby denied.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice for lack of jurisdiction.

IT IS FURTHER ORDERED that petitioner's application to proceed in forma pauperis [ECF No. 1] and motion for appointment of counsel [ECF No. 4] are DENIED as moot.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

IT IS FURTHER ORDERED that under Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of the Court is directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED: May 3, 2023

_____
UNITED STATES DISTRICT JUDGE